UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                    Criminal Action No. 07-CR-20605-1
                                                 HON. MARK A. GOLDSMITH

DELANO DEJUAN MARTIN,

    Defendant.
_____/

**OPINION AND ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING DEFENDANT'S OBJECTIONS, AND (3) DENYING DEFENDANT'S MOTION TO SUPPRESS (DKT. 54)**

On December 5, 2007, Defendant was charged with conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. Indictment (Dkt. 1). An arrest warrant was subsequently issued (Dkt. 2), but Defendant's arrest was not executed on the indictment until April 23, 2012. (Dkt. 40.) Defendant filed a motion to suppress evidence and the confession obtained following the arrest. (Dkt. 54.) An evidentiary hearing was held on September 19, 2012, before Magistrate Judge Michael Hluchaniuk. On November 9, 2012, Magistrate Judge Hluchaniuk issued a Report and Recommendation (R&R) recommending that the motion to suppress be denied. (Dkt. 64.) Defendant filed objections to the R&R (Dkt. 67), and the government filed a response to the objections (Dkt. 68). The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having reviewed the R&R, the objections, and the parties' arguments, the Court accepts and adopts the R&R and concludes that the motion to suppress should be denied,

1

because (i) there was probable cause for the officers to effectuate the arrest, and (ii) the officers were authorized to search Defendant's phone during the course of the arrest.

Defendant raises the following numbered objections (Dkt. 67) to the R&R:

- Objection One: "the police did not have probable cause to arrest Defendant." Objections to R&R at 1-2 (Dkt. 67). Defendant contends that the R&R relies on the hearsay statements of witnesses, including Karen Finch and Ronald Lee Major, that the witnesses and informants "clearly had a motive to direct police attention away from their own criminal conduct," and that "the statements relied upon by Officer Villareal prior to Defendant's arrest on September 7, 2006 were the equivalent of prior bad acts that required further investigation of Defendant specifically." Id.

- Objection Two: because Defendant was unlawfully arrested without probable cause, the subsequent statements obtained must be suppressed. Id. at 2.

- Objection Three: because Defendant was unlawfully arrested without probable cause, the evidence obtained from Defendant's cell phone must be suppressed. Id.

- Objection Four: "The Defendant had a reasonable expectation of privacy in his cell phone contents, address book, call history, and incoming calls." Id. at 3. Defendant contends that the cases relied upon in the R&R regarding officer investigations of phones during an arrest involved land line phones, and that "the analysis of cell phone privacy is more analogous to the expectation one has in computers – both contain information everyone considers private." Id. Defendant then argues that there is a reasonable expectation of privacy in computers and email, and that a cell phone is the equivalent of a "closed container." Id. at 3-4. Defendant contends that "the police violated Defendant's expectation of privacy in his cell phone, its contents, and calls made to and from it." Id. at 4.

The government filed a response to Defendant's objections. (Dkt. 68). The government contends that the "objections primarily repeat arguments made in the motion," and the government responds only to Objection 4. Gov't Resp. to Obj. at 1 (Dkt. 68). The government states "[i]t is unclear what [Defendant] wishes to suppress from evidence, as the telephone itself is of little significance . . . ." Id. The government then argues that in the Sixth Circuit, there is no legitimate expectation of privacy in calls received by an arrestee during an arrest. Id. at 2. The government also contends that even if there was a legitimate expectation of privacy, the

exigent circumstances of the arrest make it reasonable for officers to answer an arrestee's phone during an arrest. Id. at 2-3.

In light of the above objections, the Court turns to Defendant's motion to suppress and the Magistrate Judge's R&R. Defendant's motion to suppress (Dkt. 54) argues that the evidence and confession obtained as a result of the arrest should be excluded on the following grounds: (i) there was not probable cause for the officers to arrest Defendant, because the only suspicious acts the officers observed Defendant commit included standing outside a motel room where drugs were being sold, attempting to get in the room, and then walking away; and (ii) the police violated Defendant's Fourth Amendment rights when they took his phone, answered some incoming calls, and searched the contact list in the phone.

The R&R recommends that the motion to suppress should be denied. The R&R concludes that, based on the totality of the circumstances known to the arresting officers at the time of the arrest, there was probable cause to arrest Defendant. R&R at 12-13 (Dkt. 64). The R&R found that the following was known to the officers at the time of the arrest. The officers had received information from confidential informants and drug users as early as 2006 that an individual, later identified as Defendant, was associated with drug trafficking with other parties, including Lamar Edwards and William Hall. Id. at 10. In July 2006, Karen Finch was arrested for heroin trafficking and identified "Juan" as having sold heroin to her. Id. at 10-11. In August 2006, Ronald Lee Major was arrested after attempting to purchase heroin, and he informed the officers that he obtained his heroin from "Juan." Id. at 11. By September 2006, the officers had identified "Juan" as Defendant by (i) investigating the instances referenced by the above statements, (ii) observing Defendant on several occasions, (iii) searching the name "Juan" in a police database to locate photographs of this person, and (iv) matching the police database

photograph with the person the officers observed as a result of their investigation. Id. at 5.

On September 7, 2006, based on information from an informant, the officers went to a motel in Flint and located a motel room being occupied by two individuals, Lamar Edwards and William Hall. Id. at 11-12. The officers witnessed Lamar Edwards leave that room and conduct a drug transaction at a nearby gas station. Id. at 12. The officers arrested Edwards, and the officers also found William Hall outside the motel room and arrested him as well. Id. The officers entered the motel room and found drug paraphernalia inside. One of the officers then saw Defendant, whom the officer recognized as "Juan," look into the window of the room and attempt to enter. Id. The officer arrested Defendant and seized his cell phone, which was in Defendant's possession at the time. Id. The R&R concludes that, based on the totality of the circumstances regarding the facts known to the arresting officer at the time of arrest, it was reasonable to conclude that probable cause existed for the arrest of Defendant for conspiracy to distribute heroin. Id. at 12-13.

The Court turns now to the objections presented by Defendant. Regarding Objection One, the Court rejects the argument that the evidence supporting probable cause was unreliable. In this Objection, Defendant first argues that some of the statements relied upon – namely, the statements by Finch and Major regarding their prior drug purchases from Defendant – were "hearsay." However, a court may consider hearsay statements when ruling on a motion to suppress. See United States v. Matlock, 415 U.S. 164, 175 (1974) (hearsay is not automatically inadmissible evidence at a suppression hearing); United States v. Killebrew, 594 F.2d 1103, 1105 (6th Cir. 1979) (affirming admission of hearsay evidence at a suppression hearing).

In United States v. Stepp, 680 F.3d 651, 668 (6th Cir. 2012), the Sixth Circuit explained that the hearsay rule is not applicable to evidence presented at a suppression hearing. The court

stated:

> The Rules of Evidence are inapplicable as well to the admission of evidence presented at suppression hearings. United States v. Matlock, 415 U.S. 164, 172–73, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974) ("[T]he rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine the admissibility of evidence."); see also United States v. Raddatz, 447 U.S. 667, 679, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) ("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial."); United States v. Killebrew, 594 F.2d 1103, 1105 (6th Cir.) (affirming admission of hearsay evidence at suppression hearing) (citing United States v. Lee, 541 F.2d 1145, 1146 (5th Cir.1976) (reversing exclusion of evidence at suppression hearing when based on grounds that it was hearsay)), cert. denied, 442 U.S. 933, 99 S.Ct. 2867, 61 L.Ed.2d 302 (1979). The Supreme Court held in Matlock that it was error for the district court to exclude otherwise reliable evidence on the basis of the Rules of Evidence. The Supreme Court even suggested that at suppression hearings, "the exclusionary rules, aside from rules of privilege, should not be applicable; and the judge should receive the evidence and give it such weight as his judgment and experience counsel." Matlock, 415 U.S. at 175, 94 S.Ct. 988.
>
> Even at a suppression hearing, however, a trial court's findings must be "supported by competent and credible evidence." Fields v. Bagley, 275 F.3d 478, 485 n. 5 (6th Cir.2001).

Id. Because the hearsay rule is inapplicable to suppression hearings, Objection One is not persuasive to the extent that it challenges, on hearsay grounds, statements presented at the suppression hearing.

In Objection One, Defendant also challenges the R&R based on (i) the R&R's consideration of Defendant's "prior bad acts" and (ii) its citation of statements made by witnesses with "a motive to direct police attention away from their own criminal conduct." This argument is not persuasive. As an initial matter, Defendant cites no authority holding that an officer, in making a probable cause determination, is barred from considering evidence of prior offenses or statements by witnesses with an ulterior motive. Furthermore, in United States v. Czuprynski, 46 F.3d 560, 564-565 (6th Cir. 1995), the Sixth Circuit stated that, "[informants] with personal motives are often the source of very reliable information. To require a police

officer to discount such information would result in the rejection of a good deal of evidence relied upon daily by courts and juries."

In addition, the Sixth Circuit has held that police officers, in determining whether there is probable cause to arrest an individual, may consider statements by an informant that the informant previously purchased controlled substances from the individual. See, e.g., United States v. Francis, 646 F.2d 251, 259 (6th Cir. 1981) ("The informant's combined observations [regarding prior drug purchases from the defendant] were more than sufficient to give the agents probable cause to arrest defendant, even under the strict standard by which this Circuit scrutinizes warrantless arrests."). In the instant case, the Magistrate Judge considered statements by two informants regarding prior heroin purchases from Defendant, including details regarding who delivered the heroin and what persons worked for Defendant. It was proper to consider these statements because they substantiated Defendant's role as a drug trafficker and his likely purpose in attempting to enter the motel room.

To the extent Defendant contends that "further investigation of Defendant specifically" was required, the Court also rejects this argument. Although it is true that "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause," Ybarra v. Illinois, 444 U.S. 85, 91 (1979), there were sufficient additional facts available to the arresting officers to give rise to probable cause to arrest Defendant specifically. First, Defendant was found trying to enter a motel room in which the officers had found drug paraphernalia. Second, the officers knew of Defendant's prior controlled substances transactions and his associations with Edwards and Hall. This information sufficed to give rise to probable cause to arrest Defendant. See United States v. Lopez, 899 F.2d 15, at *2 (Table) (6th Cir. 1996) (concluding that "there was much more than mere propinquity" where

officers had reason to believe that (i) a suspected drug trafficker was using other parties to carry drugs and (ii) that the suspected drug trafficker had travelled to a city to conduct a drug transaction there, and where officers observed the defendant and the suspected drug trafficker check in at a hotel together and go to the same hotel room).

The Court concludes that Defendant's arguments set forth in Objection One lack merit, and that the R&R properly applied the "totality of the circumstances" test in determining that the officers had probable cause to arrest Defendant. Accordingly, the Court overrules Objection One. Furthermore, the Court overrules Objections Two and Three, as they are premised on the assumption that the officers did not have probable cause to effectuate the arrest of Defendant.

The Court also overrules Objection Four. To the extent Defendant contends that the arresting officers may not intercept and answer his incoming calls during his arrest, the R&R rejected this argument, based on a sound application of binding Sixth Circuit precedent. R&R at 13-15 (Dkt. 64). To the extent Defendant argues that the officers may not search his contact list on his cell phone pursuant to his arrest, the R&R rejected this argument, as well. R&R at 15-16. In doing so, the R&R noted the lack of on-point law in the Sixth Circuit, but applied an analysis adopted in several other Circuits. Id.

In his Objections, Defendant does not cite any authority, in the Sixth Circuit or otherwise, holding that an officer may not search a cell phone subsequent to an arrest. Instead, Defendant cites authority discussing an expectation of privacy in computers and email. However – while it is true that many cell phones are technologically similar to computers – the Court rejects Defendant's argument that the similarity of his phone to a computer meant that the officers could not constitutionally search the contact list of his phone.

First, there is no contention that the officers searched any email, messages, saved

websites, or documents on Defendant's phone, or anything else that would be more characteristic of a computer than a standard phone. Second, as the R&R noted, several Circuits have concluded that officers may search through text messages, call logs, and other information stored on cell phones, during the course of a lawful arrest. These Circuits have held that "[t]he need for the preservation of evidence justifies the retrieval of call records and text messages from a cell phone or pager without a warrant during a search incident to arrest." United States v. Murphy, 552 F.3d 405, 411 (4th Cir. 2009) (collecting cases from the Fourth, Fifth, and Seventh Circuits). In Murphy, the court explained that police officers are typically not able to determine "whether the text messages and other information stored on a cell phone will be preserved or be automatically deleted". Id. The court further explained that it would be unwarranted to assume that "information stored on a cell phone with a 'large' storage capacity would be any less volatile than the information stored on a cell phone with a 'small' storage capacity." Id. For these reasons, the court concluded that the manifest need to preserve evidence justifies officers in retrieving information from cell phones seized incident to an arrest. Id.

The Court finds the reasoning of the Fourth, Fifth, and Seventh Circuits persuasive, and concludes that the officers were authorized to search Defendant's phone because there was a risk that, if the phone was not immediately searched pursuant to the arrest, the information stored in the contact lists or call logs of the phone would be permanently lost.

For the above reasons, the Court overrules Defendant's objections, accepts and adopts the R&R, and denies Defendant's motion to suppress.

SO ORDERED.

Dated: January 3, 2013                           s/Mark A. Goldsmith
     Flint, Michigan                          MARK A. GOLDSMITH
                                                   United States District Judge

**CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 3, 2013.

                                            s/Deborah J. Goltz
                                            DEBORAH J. GOLTZ
                                            Case Manager